THE STATE *ex rel.* MASTIN, *Appellant*, v. McBRIDE *et al.*

DIVISION ONE.

1. **Deed of Trust, Fraudulent Sale Under: CREDITORS.** When the sale of land under a deed of trust is fraudulent and void as to creditors, the same is true of the products of the land, *e. g.*, zinc ore.

2. **Fraudulent Conveyance: REMEDIES OF JUDGMENT CREDITOR.** A judgment creditor may in such case either levy upon and sell the land and then institute proceedings to set aside the fraudulent title of the purchaser at the sale, or he may make his debt by selling the products of the land.

*Appeal from Newton Circuit Court.*— Hon. M. G. McGREGOR, Judge.

AFFIRMED.

THE following instructions were given for the plaintiff: "1. The court instructs the jury, that it is admitted in this case, that the North Center Creek Mining & Smelting Company executed the deed of trust to secure a debt to John Wahl & Co., under which the land was sold, and that said deed of trust was executed in good faith to secure a just debt, and said John Wahl & Co. had a right to have said property sold to satisfy their debt, and the plaintiff being a purchaser at the trustee's sale thereof, if he took possession of the property, either in person or by his agents, and afterwards took out the mineral in controversy from said land for

himself or for any other person or persons, other than the North Center Creek Mining & Smelting Company and not for the company, he is entitled to recover in this case, even though the sale was procured to be made by the North Center Creek Mining & Smelting Company for the purpose of defrauding its creditors, and the plaintiff participated in the intent to defraud the company's creditors.

"2.    The court instructs the jury, that the law presumes, that the purchase by the plaintiff, D. C. Mastin, of the property described in the deed of trust, given by the North Center Creek Mining & Smelting Company to secure the debt to John Wahl under the sale, was an honest transaction, and made for his own use and benefit until the contrary is shown, and the burden of proof is on the defendant by a greater weight or preponderance of evidence to overcome such presumption.

"3.    The court instructs the jury, that even if they should find that the sale under the deed of trust to John Wahl was procured to be made by the North Center Creek Mining & Smelting Company, for the purpose of defrauding its creditors, and that at such sale the plaintiff, D. C. Mastin, became the purchaser of the property mentioned in said deed of trust, not for himself but for the benefit of John J. Mastin and Thomas H. Mastin, or either of them or for the purpose of organizing a new company or corporation to which said David C. Mastin was to convey the property and not for the benefit of the North Center Creek Mining & Smelting Company, still the jury will find the issues for the plaintiff.

"4.    The court instructs the jury, that a purchase of property for the benefit of the individual stockholders of a corporation is not a purchase for or on behalf of such corporation, in its corporate capacity; and in this case, if the jury should believe from the evidence that David C. Mastin did not purchase the

property at the sale under the deed of trust given to John Wahl for his own use or for his own account, but did purchase it for the benefit of some of the individual stockholders of the North Center Creek Mining & Smelting Company, in their individual capacity, but not for said company, they will find the issues for the plaintiff.

"5. The court instructs the jury, that, if they find a verdict for the plaintiff, they will assess his damages twenty-four hundred and thirty-eight and sixty-three-hundredths ($2,438.63) dollars, with six-per-cent. interest from the seventeenth day of July, 1880, to the present time."

On motion of the defendant the court gave the jury the following instructions: "1. The court instructs the jury that it is admitted in this case that N. M. Barney recovered judgment on his own account, and as assignee for L. Riseling, the Joplin Gas & Coke Company, and one Feelbu, for the sum of $2,225.12, and that an execution was issued on this judgment and delivered to the defendant in this case, who levied upon the zinc ore in controversy as the property of the North Center Creek Mining & Smelting Company, to satisfy said judgment and execution; and if the jury find from the evidence, that the zinc ore in controversy was mined for the secret use and benefit of said company, in whole or in part, and to allow said company to enjoy the products of the mines from which the ore in controversy was taken, and that the ore so levied upon belonged to the North Center Creek Mining & Smelting Company, then the sheriff had a right to levy said execution on said ore, and the jury should find for the defendant.

"2. If the jury believe from the evidence that the land from which the zinc was mined was purchased by David C. Mastin, for the purpose of placing the mines thereon beyond the reach of the creditors of the North Center Creek Mining & Smelting Company, for the

secret use of said company, and to enable said company to receive and enjoy to its own use the product of said mines, then, although said mines were ostensibly held by David C. Mastin after the sale, if the jury believe from the evidence, that said purchase was really made for the benefit of the said North Center Creek Mining & Smelting Company, and that said company remained in possession, or that said mines were worked and the zinc in controversy was mined for its benefit in whole or in part, then the said zinc seized by the sheriff would be the property of said company, and the jury should find the issue in favor of the defendant.

"3.   While it devolves on the defendant, in order to defeat a recovery by plaintiff, to show that the zinc ore in controversy, levied on by the defendant McBride, as sheriff, as the property of the North Center Creek Mining & Smelting Company belonged to said company, and that David C. Mastin was merely the ostensible owner of the same, but not the owner thereof in fact, yet this need not be shown by direct or positive proof; but, if the jury believe the same from all the facts and circumstances shown in evidence, the finding should be for the defendant.   And, in determining as to the ownership of said ore, the jury should consider all the facts and circumstances shown by the evidence in the case.

*C. O. Tichenor* and *Phelps & Brown* for appellant.

(1)   Actions like this ought not to be sustained ; a deed ought to stand until it is set aside and a decree rendered, which either confirms or overthrows it. *George v. Williamson*, 26 Mo. 190 ; *Martin v. Michael*, 23 Mo. 56.   Especially ought this to be the case where the most the creditor can claim ( there is no evidence of this ) is that the property was bought in by plaintiff at the request of an insolvent company so that it could redeem if possible.   (2)   But by refusing plaintiff's instruction, numbered 3, the jury were told this was not

so. If plaintiff had entered into a written contract with the company to attend the sale and bid the amount of the Wahl debt, it would be valid, and, had he failed to do so, he would be liable in damages to the company, had it failed to bring so much. *Wicker v. Hippock,* 6 Wall. 94; *Small v. Jones,* 1 Watts & Serg. 128. (3) The fact that the property did not bring its full value does not render the sale void. *Briant v. Jackson,* 99 Mo. 599. (4) Legal titles ought not to be disturbed on plausible conjectures. *Evans v. David,* 98 Mo. 411.

*Galen Spencer* and *C. H. Montgomery* for respondents.

There is nothing in this record that was not passed upon when the case was previously here. 81 Mo. 349. It is now *res adjudicata. St. Louis v. Taylor,* 62 Mo. 339 ; *Roberts v. Cooper,* 20 How. 467.

SHERWOOD, P. J.—Action on the bond of McBride, the sheriff of Jasper county, the alleged breach being the seizure and sale of a quantity of zinc ore under an execution in favor of N. M. Barney and against the North Center Creek Mining & Smelting Company. The ore thus sold was mined on a part of the land sold under the Wahl deed of trust, and after the sale thereunder.

This cause was in this court on a former occasion (81 Mo. 349), and it was then held that there was evidence sufficient to go to the jury that the mining lands, etc., at the instance of the company were sold at the trustee's sale and purchased by relator for the use of the company. At the last trial of this cause much additional testimony was introduced to show that this fraudulent purpose actuated all who were concerned in that sale and who derived benefit from it.

No one can attentively read the evidence herein, without reaching the conclusion that relator was a mere figure-head, who assisted the other participants in

wrecking the North Center Creek Mining & Smelting Company, and in endeavoring to cover up its assets from its numerous creditors, and that the trustee's sale was one of the potent factors used to bring that result about. If the sale of the land itself was fraudulent and void, of course such fraud and consequent nullity would attend all the products of that land, and such products would be subject to seizure and sale at the instance of any judgment creditor, who had his option either to levy upon and sell the land and then proceed to set aside the pretended title of the relator, or else to sell the products of that land and thus make his debt; for, if the sale by the trustee to the relator was for any reason fraudulent on the part of the latter, it was void both at law and in equity, and was capable of being attacked by any person damaged by such fraudulent conduct. This is well-settled law.

The instructions given at the instance of both parties placed the salient issues in the case very well before the jury, and we see no reason for disturbing the conclusion reached by their verdict. We, therefore, affirm the judgment. All concur.